Brent H. Blakely (SBN 157292)
brentblakely@earthlink.net
Tiffany L. Joseph (SBN 242950)
tiffany.joseph@gmail.com
BLAKELY LAW GROUP
915 North Citrus Avenue
Hollywood, California 90038
Telephone: (323) 464-7400
Facsimile: (323) 464-7410

*Attorneys for Plaintiffs Artful Dodger,
LLC; Bestford USA, Inc. dba Evisu;
and Christian Casey LLC dba Sean John*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTFUL DODGER, LLC, a Delaware Limited Liability Company; BESTFORD USA INC., a Delaware Corporation dba EVISU; and CHRISTIAN CASEY LLC, a New York Limited Liability Corporation dba SEAN JOHN,<br><br>Plaintiffs,<br><br>vs.<br><br>OAKLAND FAMILY OUTLET, an unknown business entity; KIL CHA LEE, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. C 08-3159 HRL<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES:**<br><br>*1. TRADEMARK INFRINGEMENT (15 U.S.C. §1114);*<br><br>*2. FALSE OR MISLEADING DESCRIPTIONS AND REPRESENTATIONS, AND DILUTION (15 U.S.C. §1125);*<br><br>*3. INFRINGEMENT OF CALIFORNIA AND COMMON LAW;*<br><br>*4. INJURY TO BUSINESS REPUTATION AND DILUTION (Cal. Bus. & Prof. Code §14330);*<br><br>*5. UNFAIR COMPETITION AND UNFAIR PRACTICES (Cal. Bus. & Prof. Code §§17200-17208);*<br><br>*6. UNJUST ENRICHMENT*<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Artful Dodger LLC (hereinafter "Artful Dodger"), Bestford USA

Inc., dba Evisu (hereinafter "Evisu"), and Christian Casey LLC dba Sean John

(hereinafter "Sean John") (collectively "Plaintiffs"), for the claims against Defendants

Oakland Family Outlet and Kil Cha Lee (hereinafter "Defendants"), respectfully allege as follows:

## THE PARTIES

1.    Plaintiff Artful Dodger, LLC, is a limited liability company organized and existing under the laws of the state of Delaware.

2.    Plaintiff Bestford USA, Inc., is a Delaware corporation doing business as Evisu, a company organized and existing under the laws of the state of New York with an office and place of business at 121 Greene Street in the city of New York, New York.

3.    Plaintiff Christian Casey LLC is a limited liability corporation duly organized and existing under the laws of the State of New York.  Christian Casey does business as Sean John.

4.    Upon information and belief, Oakland Family Outlet is an unknown business entity with a principal place of business at 9306 International Boulevard, Oakland, California 94603.

5.    Upon information and belief, Kil Cha Lee is the owner of Oakland Family Outlet, located at 9306 International Boulevard, Oakland, California 94603.

6.    Plaintiffs are unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities, named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names.  Plaintiffs will seek leave to amend their complaint when the true names and capacities of DOES 1 through 10 are ascertained.  Plaintiffs are informed and believe and based thereon allege that said Defendants and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

7.    Plaintiffs are informed and believe, and based thereon allege, that at all relevant times herein, Defendants and DOES 1 through 10, inclusive, knew or

1    reasonably should have known of the acts and behavior alleged herein and the
2    damages caused thereby, and by their inaction ratified and encouraged such acts and
3    behavior.  Plaintiffs further allege that Defendants and DOES 1 through 10, inclusive,
4    had a non-delegable duty to prevent or cause such acts and the behavior described
5    herein, which duty Defendants and DOES 1 though 10, inclusive, failed and/or refused
6    to perform.

7                              **JURISDICTION AND VENUE**

8            8.    Plaintiffs filed this action against Defendants for trademark counterfeiting
9    and infringement, and trademark dilution under the Lanham Trademark Act of 1946,
10   15 U.S.C. §1051 et seq. (the "Lanham Act") and related claims of unfair competition
11   and trademark dilution under the statutory and common law of the State of California.
12   This Court has subject matter jurisdiction over the Federal trademark counterfeiting
13   and infringement and trademark dilution claims under 28 U.S.C. §§1121(a), 1331,
14   1338(a) and 1367.

15           9.    This Court has personal jurisdiction over Defendants because Defendants
16   reside in the State of California and/or do business within this judicial district.

17           10.   This action arises out of wrongful acts, including advertising, offering for
18   sale, selling and distributing products by Defendants within this judicial district.
19   Venue is proper in this district pursuant to 28 U.S.C. §1391 because the claims
20   asserted arise in this district.

21                              **NATURE OF ACTION**

22           11.   Plaintiffs seek injunctive relief, damages and a declaratory judgment
23   based upon Defendants' unfair competition with Plaintiffs, arising from Defendants'
24   willful infringement and dilution of the famous Artful Dodger, Evisu, and Sean John
25   trademarks. Defendants' willful infringement has impacted both upon Plaintiffs' rights
26   directly as well as Plaintiffs' ability to maintain consumer satisfaction.  In this regard,
27   it is noteworthy that most, if not all, of the infringing items below were presented in a
28   confusingly deceptive manner, they are of obvious inferior quality when compared to

authentic Artful Dodger, Evisu, and Sean John product, and they are priced in such a way that the implication to the buying public is that these items are indeed genuine.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A.    Artful Dodger's Family of Trademarks, Logos, and Designs

12.    Artful Dodger is the worldwide owner of the trademarks Artful Dodger® and various composite trademarks comprising the Artful Dodger mark and assorted design components (hereinafter, collectively, the "Artful Dodger Trademarks" or "Artful Dodger Marks").

13.    Plaintiff Artful Dodger is the owner of U.S. Application Serial Number 78688910 for the mark Artful Dodger for clothing, namely, shirts, pants, jeans, skirts, jackets, coats, vests, suits, ascots, scarves, neck ties, belts, gloves, headwear, and footwear, in International Class 25, which was filed on August 9, 2005.

14.    Artful Dodger has been designing, manufacturing, distributing and selling apparel since 2005.

15.    Since its inception three years ago in 2005, Artful Dodger has emerged as a high-end, streetwear favorite, sold exclusively in boutiques and specialty stores in the United States and the United Kingdom.

16.    Artful Dodger-branded products and their packaging all prominently bear the trademark Artful Dodger.

17.    Each of the Artful Dodger Marks has been continually used in commerce since its respective date of first issue.

18.    Because of Artful Dodger's extensive use of the Artful Dodger Marks, Artful Dodger has built up significant goodwill therein.  The success of Artful Dodger's marketing efforts as evidenced by, among other things, Shawn "Jay-Z" Carter's acquisition of the brand in or around October 2007 for $15 million dollars.

19.    Artful Dodger was founded by ex-Sean John design director, Scott Langton and his business partner Richard Wu. Inspired by the Oliver Twist character, Langton's Artful Dodger is a roughneck ringleader patrolling pulp dreamscapes of

1    perpetual strife and mischief that inspire the embroidery and print that cover

2    everything from blazers to tees. Artful Dodger earns its street credibility through

3    quality fabrics, solid construction and storytelling illustrations.

4        20.   The Artful Dodger collection of apparel comprises of mens' clothing,

5    namely jeans, jackets, shirts, t-shirts, sweatshirts, knitted sweatshirts, and sweatpants,

6    with plans to expand shortly into a small line of women's wear, outerwear, fragrances

7    and even tailored clothing.

8        **B.**   **Evisu's Family of Trademarks, Logos, and Designs**

9        21.   Evisu is the worldwide owner of the trademarks Evisu® and various

10   composite trademarks comprising the Evisu mark and assorted design components

11   (hereinafter, collectively, the "Evisu Trademarks" or "Evisu Marks").

12       22.   Plaintiff Evisu has the exclusive right to use, enforce and benefit from the

13   Evisu Trademark, including but not limited to U.S. Registration No. 75,842,256 for

14   the Evisu Mark for clothing, namely jeans, jackets, shirts, t-shirts, sweatshirts, knitted

15   sweatshirts, sweatpants, and shoes.

16       23.   Evisu has been designing, manufacturing, distributing and selling apparel

17   since 1991.

18       24.   Since its inception in Osaka, Japan, Evisu has emerged as a global power

19   in men's, women's and children's fashion with worldwide sales and distribution.

20       25.   Evisu-branded products and their packaging all prominently bear the

21   trademark Evisu.

22       26.   Each of the Evisu Marks has been continually used in commerce since its

23   respective date of first issue.

24       27.   Because of Evisu's extensive use of the Evisu Marks, Evisu has built up

25   significant goodwill therein. The success of Evisu's marketing efforts as evidenced

26   by, among other things, the Evisu® products and the unsolicited media attention that

27   the Evisu brand has received.

28   / / /

1    28.   Plaintiff Evisu's products are distributed throughout the United States

2  and in numerous foreign countries.

3    29.   Evisu was founded and, is still owned, by Hidehiko Yamane.  The initial

4  production line of Evisu denim produced fourteen pairs of jeans a day, all hand-

5  painted with the sea-gull logo by Mr. Yamane.  Evisu jeans captured the imagination

6  of the detail-obsessed, Japanese fashion crowd, spurring a revival of interest in vintage

7  denim which has now spread around the world.  In the early nineties Mr. Yamane

8  introduced a tailoring line, followed by a fishing range and a golf range.  In 1999 he

9  introduced a ladies fashion line called Evisu Donna to complete the development of

10  Evisu as a full-fashion range going far beyond a jeans brand.  Evisu now has 25 shops

11  in Japan.  In 1994, Mr. Yamane and Peter Caplowe formed a partnership to develop

12  Evisu outside Japan that now spans the globe, selling in 400 of the world's best

13  boutiques and department stores.

14    30.   Evisu has distinguished itself as a leader in the high-end denim market for

15  its unique manufacturing process.  All Evisu jeans are made of vintage selvedge

16  denim, produced on old style shuttle looms rather than modern projectile looms and

17  indigo dyed by rare loop dying machines.  Evisu denim has a minimum of 16 dips and

18  some styles have 30 dips, giving the denim a deep blue color.  Evisu also uses original

19  production techniques at every stage of creating a denim item, such as chain stitching

20  the hem, giving the thick stitch line visible around the hem when the jean is turned up.

21  When possible, Evisu uses Union Special machines, which were the "Rolls Royce" of

22  sewing machines in the U.S. in the fifties.  Finally, many of Evisu's styles have hand-

23  painted logos.

24    31.   The Evisu collection of apparel comprises of men's, women's, and

25  children's clothing, namely jeans, jackets, shirts, t-shirts, sweatshirts, knitted

26  sweatshirts, sweatpants, and shoes.

27  / / /

28  / / /

C.   **Sean John's Family of Trademarks, Logos, and Designs**

32.   Sean John has been and is now engaged in the business of manufacturing, promoting, distributing, and selling its high-quality clothing.  All of Sean John's products are manufactured pursuant to its strict specifications and quality control.

33.   Sean John has long used, prior to the acts of Defendants herein, several trademarks, including but not limited to Sean John, in plain and stylized format.

34.   Sean John is the owner of the world-famous mark Sean John.  On February 9, 1999, the Sean John mark was registered on the Principal Register of the United States Patent & Trademark Office as Registration No. 2466699, for "T-shirts, jackets, pants, shirts, coats, bandannas, sweatshirts, headwear and fashion accessories, namely underwear, boxer shorts."   Sean John has since registered its marks in connection with a variety of goods.  Sean John's rights to use in commerce the Sean John marks have become incontestable pursuant to 15 U.S.C. § 1065.

35.   The registrations for these Sean John marks are valid, subsisting, and exclusively owned by Sean John.

36.   At all times relevant hereto, Sean John's Marks have been continually used by Sean John throughout the world and in the United States, including New York, on or in connection with the manufacture, distribution, sale and promotion of its products.

37.   As a result of Sean John's widespread and continuous use, advertisement, and promotion of its products in connection with Sean John's Marks, they have become widely known and recognized as identifying Sean John as the source of a wide variety of clothing and related goods and as distinguishing such goods from those of others.  Sean John's Marks have come to represent and symbolize the excellent reputation of Sean John's products and Sean John's valuable goodwill among members of the public throughout the world and in the United States, including New York.  Sean John's Marks have acquired a secondary meaning throughout the world and in the United States, including New York.

1

### D.    Defendants' Infringing Conduct

2    38.    This lawsuit concerns infringement upon Plaintiffs' trademarks by
3    Defendants.  Defendants, with one product or more, violated Plaintiffs' rights in and
4    to one or more of their trademarks.

5    39.    In or around April 29, 2008, Plaintiffs' investigators along with the
6    Oakland Police Department and the Alameda County District Attorney's Office
7    served a Search Warrant at Oakland Family Outlet, located at 9306 International
8    Boulevard, Oakland, California 94603.

9    40.    On the same day, Plaintiffs' investigators seized counterfeit Artful
10   Dodger, Evisu, and Sean John apparel.

11   41.    Upon information and belief, Defendant Oakland Family Outlet is owned
12   by Defendant Kil Cha Lee.

13   42.    The manufacturing, promotion, sale, offering for sale, advertising and
14   distribution by Defendants of these infringing goods is likely to cause confusion and
15   mistake and to deceive purchasers, and do in fact cause confusion, mistake and
16   deception.

17   43.    Upon information and belief, Defendants' use of Plaintiffs' Marks
18   through, inter alia, the creation and/or sale of inferior quality clothing bearing
19   Plaintiffs' respective trademarks was willful, having been adopted with knowledge of
20   Plaintiffs' prior rights in and to the Plaintiffs' Marks, with the intent to trade on
21   and benefit from the goodwill established in Plaintiffs' respective trademarks by
22   Plaintiffs.

23   ### FIRST CLAIM FOR RELIEF

24   **(For Infringement of Federally Registered Trademarks)**

25   44.    Plaintiffs incorporate herein by reference the averments of the preceding
26   paragraphs as though fully set forth herein.

27   / / /

28   / / /

8.

1   45.   Plaintiffs are informed and believe, and upon such information and belief

2   aver, that Defendants advertised, promoted, and sold at retail counterfeit Artful

3   Dodger, Evisu, and Sean John merchandise and thereby caused harm to Plaintiffs.

4   46.   Plaintiffs allege upon information and belief that Defendants knew that

5   the merchandise being purchased was counterfeit or had reason to know that it was

6   counterfeit and was recklessly indifferent to the fact that such merchandise was

7   counterfeit.

8   47.   In addition to the acts specifically described above, on information and

9   belief, Defendants have otherwise infringed Plaintiffs' Marks.

10   48.   Defendants have, without the consent of Plaintiffs, used in commerce

11   reproductions, counterfeits, copies, and colorable imitations of Plaintiffs' Marks in

12   connection with the sale, offering for sale and distribution of goods on or in

13   connection with such use as is likely to cause confusion, mistake, and deception.

14   49.   Despite Defendants' knowledge that their acts are wrongful, they sold

15   counterfeits of Plaintiffs' apparel.

16   50.   Defendants' promotion, sale, and offering for sale of these goods has

17   caused a loss of sales of Plaintiffs' genuine products and will result in the loss of

18   future sales to customers who have bought Defendants' inferior products believing

19   them to be Plaintiffs' genuine goods.

20   51.   The promotion, sale, offering for sale, and distribution by Defendants of

21   these counterfeit goods is likely to cause confusion and mistake and to deceive

22   purchasers and do in fact cause confusion, mistake, and deception.

23   52.   Defendants' acts have caused and, unless restrained by this Court, will

24   continue to cause Plaintiffs and the public to suffer great and irreparable damage and

25   injury through, inter alia, (a) a likelihood of confusion, mistake, and deception among

26   the relevant purchasing public and trade as to the source of the Defendants'

27   counterfeit goods; and (b) the loss of Plaintiffs' valuable goodwill and business

28   reputation symbolized by Plaintiffs' Marks.

53.    Plaintiffs have suffered loss of profits and other damage, and Defendants have earned illegal profits, in an amount to be proven at trial, as the result of the aforesaid acts of Defendants.  Plaintiffs may elect, at time of trial, and in the alternative statutory damages up to the maximum extent permitted under the Lanham Act, as determined by the trier of fact.

54.    Plaintiffs have no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

### (For False and Misleading Descriptions and Representations and Dilution)

55.    Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

56.    Defendants have, on or in connection with its counterfeit goods, used words, terms, names, symbols, devices, and combinations thereof, false designations of origin, and false and misleading descriptions and representation of facts in violation of 15 U.S.C. § 1125(a) that:

a.    Caused or are likely to cause confusion, mistake, and deception as to the affiliation, connection, and association of Defendants with Plaintiffs and as to the origin, sponsorship, and approval of Defendants' unauthorized goods; and

b.    Misrepresented, in commercial dealings, the nature, characteristics, qualities, and origin of Defendants' goods.

57.    Upon information and belief, Plaintiffs aver that Defendants have made false representations regarding their goods and the connection of such goods to Plaintiffs and to Plaintiffs' genuine merchandise.  Such representations were made in connection with commerce.

58.    Defendants have made commercial use in commerce of counterfeit Artful Dodger, Evisu, and Sean John clothing, which began after Plaintiffs' Marks became distinctive and famous.

/ / /

10.

59.    Defendants' acts have caused and, unless restrained by this Court, will continue to cause Plaintiffs and the public to suffer great and irreparable damage and injury through, <u>inter alia</u>, (a) a likelihood of confusion, mistake and deception among the relevant purchasing public and trade as to the source of the Defendants' counterfeit goods; (b) the loss of Plaintiffs' valuable goodwill and business reputation symbolized by Plaintiffs' Marks; and (c) the dilution of the distinctiveness of Plaintiffs' Marks.

60.    Plaintiffs have suffered loss of profits and other damage, and Defendants have earned illegal profits, in an amount to be proven at trial, as the result of the aforesaid acts of Defendants.

61.    Plaintiffs have no adequate remedy at law.

### THIRD CLAIM FOR RELIEF

### (For California and Common-Law Trademark and
### Trade Name Infringement)

62.    Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

63.    Defendants' use, without the consent of Plaintiffs, of reproductions, counterfeits, copies or colorable imitations of Plaintiffs' Marks in connection with Defendants' goods, is likely to cause confusion, mistake and deception.  Such use infringes Plaintiffs' rights in Plaintiffs' Marks in violation of California trademark law, including Business and Professions Code Sections 14320, 14335, and 14340, and the common law.

64.    Defendants' acts have caused and, unless restrained by this Court, will continue to cause Plaintiffs and the public to suffer great and irreparable damage and injury.

65.    Plaintiffs have suffered loss of profits and other damage, and Defendants have earned illegal profits, in an amount to be proven at trial, as the result of the aforesaid acts of Defendants.

66.    The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Plaintiffs in reckless disregard of Plaintiffs' rights.  Said conduct was despicable and harmful to Plaintiffs and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of the Defendants and to deter them from similar such conduct in the future.

67.    Plaintiffs have no adequate remedy at law.

### FOURTH CLAIM FOR RELIEF

### (For Injury to Business Reputation and Dilution)

68.    Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

69.    Defendants' use of colorable copies and imitations of Plaintiffs' Marks is likely to cause injury to Plaintiffs' business reputation and dilute the distinctive quality of Plaintiffs' Marks in violation of California trademark law, including Business and Professions Code Section 14330 and the common law.

70.    Defendants' acts have caused and, unless restrained by this Court, will continue to cause Plaintiffs and the public to suffer great and irreparable damage and injury.

71.    Plaintiffs have suffered loss of profits and other damage, and Defendants have earned illegal profits, in an amount to be proven at trial, as the result of the aforesaid acts of Defendants.

72.    The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Plaintiffs in reckless disregard of Plaintiffs' rights.  Said conduct was despicable and harmful to Plaintiffs and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of the Defendants and to deter them from similar such conduct in the future.

73.    Plaintiffs have no adequate remedy at law.

/ / /

/ / /

## FIFTH CLAIM FOR RELIEF

### (For Unfair Competition and Unfair Practices)

74.    Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

75.    Defendants have engaged in unfair and fraudulent business practices by the acts herein alleged.  Plaintiffs allege upon information and belief that such acts will continue unless restrained by this Court.

76.    Defendants' acts have impaired Plaintiffs' goodwill, have created a likelihood of confusion, have actually confused the public, and have otherwise adversely affected Plaintiffs' business and reputation by use of unfair and fraudulent business practices in violation of California Business & Professions Code, including Sections 17200 to 17208, and the common law.

77.    Defendants' acts have caused and, unless restrained by this Court, will continue to cause Plaintiffs and the public to suffer great and irreparable damage and injury.

78.    Plaintiffs have suffered loss of profits and other damages, and Defendants have earned illegal profits, in an amount to be proven at trial, as the result of the aforesaid acts of Defendants.  However, on the statutory unfair competition claim, Plaintiffs seek only disgorgement of profits, and does not seek damages at law.

79.    The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Plaintiffs in reckless disregard of Plaintiffs' rights.  Said conduct was despicable and harmful to Plaintiffs and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of the Defendants and to deter them from similar such conduct in the future.

80.    Plaintiffs have no adequate remedy at law.

/ / /

/ / /

/ / /

## SIXTH CLAIM FOR RELIEF

## (Unjust Enrichment)

81.    Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

82.    The acts complained of above constitute unjust enrichment of Defendants at Plaintiffs' expense, in violation of the common law of the State of California.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief against Defendants that:

A.    Defendants and their agents, servants, employees, attorneys, successors and assigns, and all persons in active concert or participation with any of them, be temporarily, preliminarily, and permanently enjoined and restrained from:

(1)    Infringing upon any of Plaintiffs' Marks through the sale of unauthorized or counterfeit Artful Dodger, Evisu, and/or Sean John clothing and accessories, or using any word, term, name, symbol, device, or combination thereof that causes or is likely to cause confusion, mistake, or deception;

(2)    Using any word, term, name, symbol, device, or combination thereof that causes or is likely to cause confusion, mistake, or deception as to the affiliation, origin, or association of Defendants' counterfeit goods with Plaintiffs, or using any false designation of origin or false or misleading description or representation of fact;

(3)    Manufacturing any goods that bear any counterfeit Artful Dodger, Evisu, and/or Sean John Marks, alone or in combination with any other word(s) or device(s), or selling, offering for sale, distributing, advertising, or promoting any counterfeit goods that bear any of Plaintiffs' Marks, alone or in combination with any other word(s) or device(s), other than genuine Artful Dodger, Evisu, and/or Sean John merchandise;

(4)    Using, without Plaintiffs' authorization, any words or symbols that so resemble any of Plaintiffs' Marks as to be likely to cause confusion, mistake, or

deception on or in connection with the manufacture, importation, sale, offering for sale, distribution, advertisement, or promotion of any product that is not authorized by or for Plaintiffs;

        (5)    Diluting or infringing the rights of Plaintiffs in and to any of Plaintiffs' Marks by selling counterfeit Artful Dodger, Evisu, and/or Sean John clothing or otherwise damaging Plaintiffs' goodwill or business reputation; or

        (6) Otherwise competing unfairly with Plaintiffs in any manner.

B.    Defendants be required to deliver to Plaintiffs' attorneys for destruction Defendants' entire inventory of infringing and unauthorized products, packaging, and labeling.

C.    Defendants, within thirty (30) days after the service of the judgment herein, be required to file with this Court and serve upon Plaintiffs' attorneys a written report under oath setting forth in detail the manner in which they have complied with the judgment.

D.    Plaintiffs recover their lost profits and actual damages in an amount to be proven at trial from Defendants (except that restitution only, and not money damages, is requested in connection with the California statutory unfair-competition claims), that Defendants be required to account for any of its profits that are attributable to Defendants' acts, and that all such damages be trebled as provided by 15 U.S.C. § 1117, 18 U.S.C. §1864,  and Cal. Bus. & Prof. Code §14340, including interest thereon at the maximum rate permitted by law.

E.    Defendants be required to disgorge their profits (as to the California unfair-competition claim).

F.    The Court award Plaintiffs statutory damages per mark per type of goods as provided under the Lanham Act.

G.    The Court award Plaintiffs punitive damages in connection with its California State law claims.

H.    Plaintiffs recover their attorneys' fees.

1  I.  Plaintiffs recover their taxable costs and disbursements herein.

2  J.  The Court grant Plaintiffs such other and further relief as the Court

3 deems just and proper.

4 DATED:  July 14, 2008   BLAKELY LAW GROUP

5

6

7         By: _____

8           Brent H. Blakely
            Tiffany L. Joseph

9           ***Attorneys for Plaintiffs Artful Dodger,***
           ***LLC; Bestford USA, Inc., dba Evisu; and***

10          ***Christian Casey LLC dba Sean John***

11        **<u>DEMAND FOR JURY TRIAL</u>**

12  Plaintiffs hereby demand a jury trial as provided by Rule 38(a) of the Federal

13 Rules of Civil Procedure.

14

15 DATED:  July 14, 2008   BLAKELY LAW GROUP

16

17         By: _____

18           Brent H. Blakely
            Tiffany L. Joseph

19          ***Attorneys for Plaintiffs Artful Dodger,***
           ***LLC; Bestford USA, Inc., dba Evisu; and***

20          ***Christian Casey LLC dba Sean John***

21

22

23

24

25

26

27

28

16.